### PLEADING WHERE CUSTOM IS RELIED ON.

Common Pleas Court of Hamilton County.

FREDERICK J. TREUHEIT v. THE INTERURBAN RAILWAY & TERMINAL COMPANY.

Decided, January, 1911.

*Negligence—Collision of Interurban Cars—Injured Motorman Relied on Custom, But Failed to Plead It—Status of Cause After Reversal by Circuit Court of Judgment for Plaintiff.*

In an action for damages for personal injuries, a plaintiff depending on custom as a justification for the course which he pursued and which resulted in the accident, should plead the custom relied on and make it an issue.

*C. C. Schrieder* and *Prescott Smith,* for plaintiff.
*Frank F. Dinsmore,* contra.

DICKSON, J.

This case is heard on motion by defendant to set aside the verdict and for a new trial. The verdict is the third rendered in favor of the plaintiff.

The issue raised by the pleadings is that the plaintiff was severely and permanently injured by the negligence of the defendant.

Plaintiff complained that while a motorman on one of the defendant's cars he was required to go out on a single track between Coney Island and Bethel, two stations on its lines, without being told that he would meet an extra car coming in on the same track; that thus these two cars collided.

No claim of contributory negligence is raised by the pleadings. Perhaps such an issue was raised by the evidence.

At the conclusion of the plaintiff's evidence both sides rested. Defendant moved for an instructed verdict—among other grounds because the evidence was the same evidence as in the next preceding trial, that the pleadings were the same—and that upon these same pleadings and this same evidence the circuit court had reversed the former judgment in this court.

This court in this last trial did not—could not—have before it and the jury the record in the former trial. For this reason this court was compelled to refuse an instructed verdict.

On this motion this court must consider the judgment of the circuit court and the record therein, including the pleadings and all the evidence, and must obey it.

The circuit court could have rendered judgment in accord with its decision. It reversed the former judgment and sent the case here for retrial. Perhaps the upper court's reason for not rendering judgment against the plaintiff was to give him another chance—a chance to amend his petition—a chance to get more evidence. The court decided that the car which met the one which the plaintiff operated was not an extra car; that it was a regular car running on its regular time; that the plaintiff was negligent in going out before the other car came in, and that he was otherwise negligent in not seeing the other car and stopping his car before the cars met; that it was negligence for the plaintiff, due at Coney Island at 7:20, to go out on a single track before a car on that same track due at 7:22 had come in— that the mere change of crews did not convert a regular into an extra car.

"Treuheit was due at the Coney Island barn at 7:20 A. M., on the morning of the accident, where he was to meet and pass run No. 1, the car from Bethel which should reach the barn at 7:22. It therefore made no difference to him, as was testified, whether the car upon which Thornton and Baker were motorman and conductor was an extra car or not, * * * and therefore, we do not think that he could or should have relied upon the fact that he saw Purcell and Newton, who usually had this run, at the barn, to absolve himself from his own neglect, if in leaving the barn before the car from Bethel arrived, he afterwards collided with it. The evidence shows that crews are often changed and new men placed upon runs, and it would seem that the schedule as adopted by the company, should control." 12 C.C. (N.S.), 259, at 260.

During the trial plaintiff sought to introduce evidence tending to show that it was the custom of the 7:22 car to come in ahead of time, to be at Coney Island barn before 7:20, the time of his arrival.

Upon objection this the court refused because it had not been plead. Plaintiff then asked leave to amend. This was refused. During each trial plaintiff had offered evidence tending to show that his car was due at 7:20 and that he had seen the usual crew of the 7:22 car at the Coney Island barn when he came in at 7:20. This custom evidence and the request to amend, the court refused because the plaintiff had had the decision of the circuit court—had had a long time to amend, and that it was then too late to set up this custom after the cause had proceeded several days before a jury.

This court feels, the offering of this evidence and the request to amend having taken place in the hearing of the jury, even though ruled out and the jury instructed therein, was highly prejudicial to the defendant. Permission to amend over objections and during trial, should be allowed with caution, and never granted unless the court is confident prejudice or injury will not result hereby.

It seems to this court that after the circuit court had held that there was no extra car, this custom became all important as a material fact—became an issue and should have been plead, and plead before the trial. The plaintiff for some unknown reason preferred to repeat the former trial here in this court in spite of the decision of the circuit court, knowing well that this court must obey the upper court. The motion to set aside the verdict and grant a new trial will be granted, and a reasonable time allowed plaintiff to amend in accord herewith, and then a speedy hearing will be ordered.

It is better to try the case here again, and according to the rules of law and at once, rather than to compel this case again to be taken o the upper courts to be there from necessity reversed.